[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 22, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16480
Non-Argument Calendar

_____

D. C. Docket No. 05-00010-CR-5-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAVARES GENEARD TROUBLEFIELD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(August 22, 2006)**

Before BIRCH, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Tavares Geneard Troublefield appeals his 150-month sentence for conspiracy to distribute and possess cocaine base and more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii), (b)(1)(C) and 846, and distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Troublefield argues that the sentence was unreasonable in light of factors set forth in 18 U.S.C. § 3553(a) and, thus, was in contravention of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). Because the district court's exercise of discretion was not unreasonable, we AFFIRM.

## I. BACKGROUND

Troublefield pled guilty to one count of conspiracy to distribute, and possess with the intent to distribute, cocaine and cocaine base and to three counts of distribution of cocaine base. Troublefield concedes that the sentence fell within the advisory guidelines range of 135 to 168 months imprisonment for a defendant with an adjusted offense level of 30 and a criminal history category of IV. He maintains, however, that the district court should have sentenced him to a "term under the advisory minimum" because he "just barely" qualified for a criminal history category of IV and because "the nature of his qualifying offenses were very minor in comparison to [t]he charges" in the present indictment. Appellant's Br. at

2

## II. DISCUSSION

We review the ultimate sentence imposed by the district court for reasonableness, and we "consider the final sentence, in its entirety, in light of the § 3553(a) factors."[1] United States v. Valnor, 451 F.3d 744, 750 (11th Cir. 2006) (citations omitted). "Review for reasonableness is deferential." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam). We "recognize that there is a range of reasonable sentences from which the district court may choose, and when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Id. The party

---

[1] There is no question that the district court followed the appropriate steps to determine Troublefield's sentence, but we recite the now familiar standard anyway:

> After Booker, sentencing requires two steps. First, the district court must consult the Guidelines and correctly calculate the range provided by the Guidelines. Second, the district court must consider several factors to determine a reasonable sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam) (citations omitted).

3

challenging the sentence carries the burden of proving that the sentence was unreasonable in light of both the record and the § 3553(a) factors. Id.

Here, it is undisputed that the district court's calculation of the Guidelines range was accurate. Thus, the sole issue is whether Troublefield's 150-month sentence was reasonable in light of the factors set forth in 18 U.S.C. § 3553(a), and we conclude that it was. As an example, the district court noted that Troublefield engaged in criminal drug offenses after getting out of jail following each of his previous convictions and that, therefore, a substantial sentence was needed to deter recidivism and protect the public, each a factor listed in § 3553(a). Troublefield has failed to show that the sentence imposed was unreasonable.

### III.  CONCLUSION

Troublefield  has appealed his 150-month sentence stemming from a guilty plea to three counts of distribution and one count of conspiracy to distribute and possess cocaine and cocaine base. Troublefield argued that the sentence was unreasonable in light of factors set forth in 18 U.S.C. § 3553(a) and, thus, in contravention of Booker. We conclude, however, that the district court's exercise of discretion was not unreasonable. **AFFIRMED**.